IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**COLON VAUGHN,**                                                                              **PETITIONER**

v.                                                                                                       No. 2:04CV295-P-A

**CHRISTOPHER EPPS, ET AL.**                                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Colon Vaughn for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

The chronology in this case is more complex than that of most *habeas corpus* cases because the court must also track the action (and inaction) of the attorney the petitioner hired to handle the direct appeal of his conviction in state court. That attorney was eventually disbarred for his mishandling of the petitioner's direct appeal in state court.

The petitioner was convicted of simple robbery and aggravated assault in the Circuit Court of Quitman County, Mississippi. On October 13, 1998, the petitioner was sentenced to serve ten years for the simple robbery and a consecutive term of fifteen years for the aggravated assault in the custody of the Mississippi Department of Corrections. The petitioner dismissed his trial counsel October 23, 1998, and hired Azki Shah ("Shah") to perfect and prosecute the petitioner's direct appeal. Shah had been prohibited from practicing before the United States Bankruptcy Court for the Northern District of Mississippi several weeks earlier on October 1,

1998.  Shah never informed the petitioner of his suspension – and never perfected a timely direct appeal for the petitioner.  On July 29, 1999, the Mississippi Bar suspended Shah from practice of law for six months to reciprocate his suspension by the United States Bankruptcy Court.  Shah was reinstated July 20, 2000.  Again, Shah never informed the petitioner of his suspension.  The petitioner then retained the firm of Agnew & Associates on September 15, 2000, to investigate his case and pursue a motion for post-conviction relief in state court.  Shah filed a motion for out-of-time appeal on the petitioner's behalf September 21, 2000.  The Circuit court of Quitman County denied the petitioner's motion for out of time appeal December 27, 2000.  Agnew & Associates then filed a motion for the circuit court to reconsider the motion for out-of-time appeal on February 12, 2001; the court denied that motion March 15, 2001.  Agnew & Associates appealed the denial of reconsideration April 13, 2001; the Mississippi Supreme Court affirmed the denial January 17, 2002.  The petitioner then initiated a bar complaint against Shah on June 6, 2003.

On March 12, 2004, the petitioner filed another application for leave to file an out-of-time appeal.  On October 4, 2004, the petitioner signed his federal petition for a writ of *habeas corpus*; the court stamped the petition as filed October 18, 2004.  Azki Shah was disbarred June 23, 2005, for taking the petitioner's money, failing to file the petitioner's direct appeal, and misleading the petitioner, the circuit court, and the Mississippi Supreme Court about the actions he had taken on behalf of the petitioner.

## Discussion

This case is unusual in that the Mississippi Supreme Court has already found the conduct of the petitioner's appellate counsel to constitute ineffective assistance of counsel.  Indeed, counsel's conduct was egregious enough to merit disbarment.  For reasons that are not clear,

however, counsel's conduct was not sufficiently egregious for the state courts to grant the petitioner's various requests to file an appeal out-of-time. As such, the petitioner has lost the right to appeal his conviction. Had the petitioner brought these facts to the attention of the federal courts within the one year allotted by statute, this court would almost certainly have afforded the petitioner some form of relief. Unfortunately, as discussed below, the petitioner waited too long to bring his claims into federal court; as such, the court must dismiss the instant petition as untimely filed.

The court shall use the petitioner's discovery of the factual predicate for his claims to determine the date the federal one-year statute of limitations began to run.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> 
> . . .
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The latest date the court can discern where the petitioner knew that his appeal had not been filed was September 15, 2000, the date he hired Agnew & Associates to investigate his case and file a motion for post-conviction relief. The court shall thus use September 15, 2000, as the beginning of the one-year statute of limitations. The statute was tolled 97 days – from September 21, 2000, until December 27, 2000 – while Shah's motion to file an out-of-time appeal was pending. The statute was tolled for another 339 days – from February 12, 2001, until January 17, 2002 – while the motion for reconsideration filed by Agnew & Associates was pending. Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus

however, counsel's conduct was not sufficiently egregious for the state courts to grant the petitioner's various requests to file an appeal out-of-time. As such, the petitioner has lost the right to appeal his conviction. Had the petitioner brought these facts to the attention of the federal courts within the one year allotted by statute, this court would almost certainly have afforded the petitioner some form of relief. Unfortunately, as discussed below, the petitioner waited too long to bring his claims into federal court; as such, the court must dismiss the instant petition as untimely filed.

The court shall use the petitioner's discovery of the factual predicate for his claims to determine the date the federal one-year statute of limitations began to run.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> 
> . . .
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The latest date the court can discern where the petitioner knew that his appeal had not been filed was September 15, 2000, the date he hired Agnew & Associates to investigate his case and file a motion for post-conviction relief. The court shall thus use September 15, 2000, as the beginning of the one-year statute of limitations. The statute was tolled 97 days – from September 21, 2000, until December 27, 2000 – while Shah's motion to file an out-of-time appeal was pending. The statute was tolled for another 339 days – from February 12, 2001, until January 17, 2002 – while the motion for reconsideration filed by Agnew & Associates was pending. Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus

toll the federal one-year statute of limitations – was November 25, 2002 (September 15, 2000 + 365 days + 97 days + 339 days). *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline; his March 12, 2004, application for state post-conviction collateral relief was filed 473 days after that deadline expired.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on October 4, 2004, and the date it was received and stamped as filed in the district court on October 18, 2004. Therefore, the instant petition was filed 679 days after the November 25, 2002, filing deadline.

The misconduct of the petitioner's appellate attorney, Azki Shah, was reprehensible. That misconduct cost the petitioner his chance to perfect a direct appeal. The misconduct did not, however, prevent the petitioner from filing his federal petition for a writ of *habeas corpus* in a timely fashion. The petitioner was sentenced October 13, 1998. The court has used September 15, 2000, a date nearly two years after the petitioner was sentenced, as its starting point for calculation of the instant petition's timeliness. Azki Shah's misconduct simply had no bearing on the events from September 15, 2000, forward. The petitioner had retained new counsel, and that counsel took the proper steps to request an out-of-time appeal for the petitioner. The Mississippi state courts denied that request; counsel could do no more.

The petitioner makes several arguments in an attempt to invoke equitable tolling in this case. None of the arguments is persuasive, however, because the petitioner was not diligent in pursuing his claims, a prerequisite to equitable tolling. *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002). The Mississippi Supreme Court affirmed the trial court's denial of the petitioner's request for an out-of-time appeal on January 17, 2002. The petitioner, however, took no action until March 12, 2004, when he attempted a second time to get authorization for an out-of-time appeal. The supreme court denied this post-conviction motion August 24, 2004, holding that the petitioner had already been denied similar relief. The petitioner filed the instant petition for a writ of *habeas corpus* October 4, 2004, almost three years after the January 17, 2002, affirmance by the supreme court. A delay of four months in filing a petition after the ruling in state court is enough to preclude equitable tolling. *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). The petitioner, who delayed nearly three years, was not diligent in pursuing his *habeas corpus* remedies; as such, he may not invoke equitable tolling, and his petition was untimely filed.

The instant petition for a writ of *habeas corpus* shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE